IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNTEH WILSON, #176112, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:20-cv-894-MHT-JTA |
| | ) |
| LT. MACK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION[1]

Kenneth Wilson, a state inmate filed the instant 42 U.S.C. § 1983 action challenging the constitutionality of force used against him by correctional officers at Kilby Correctional Facility on October 15, 2021.  Doc. 1 at 2.  In this civil action, Wilson filed a motion for preliminary injunction challenging actions taken against him by Warden Vencini Smith, a non-party, and defendant Dandrea Evans.  Doc. 13.  Specifically, Wilson states he has no confidence "Warden Smith will be professional or reasonable" during the pendency of this action and alleges after the filing of the instant complaint defendant Evans began "using death threats toward the plaintiff.  In the last days, seven days, on three occassions (sic) the defendant, has approached the plaintiff's segregation cell door holding a hand switch blade to inform the plaintiff he needs to drop the lawsuit the plaintiff filed against him."  Doc. 13

---

[1] All documents and attendant page numbers cited in this Recommendation are those assigned by the Clerk in the docketing process.

at 2. Pursuant to an order of this court, the defendants filed a response addressing the claims presented in the motion for preliminary injunction. Doc 20.

Upon consideration of the motion for preliminary injunction filed by Wilson and after review of the response thereto filed by the defendants, including supporting evidentiary materials, in which both Smith and Evans adamantly deny the allegations made against them, Doc. 20-1 & Doc. 20-2, the undersigned finds that the motion for preliminary injunction is due to be denied.

## II. STANDARD OF REVIEW AND REQUISITE ELEMENTS

"The grant or denial of a preliminary injunction rests within the sound discretion of the district court." *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less*, 910 F.3d 1130, 1163 (11th Cir. 2018); *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (same). This court may grant a preliminary injunction only if the plaintiff demonstrates each of the following requisite elements: (1) a substantial likelihood of success on the merits; (2) an irreparable injury will occur absent issuance of the injunction; (3) the injunction would not substantially harm the non-moving parties; and (4) if issued, the injunction would not be adverse to the public interest. *Long v. Sec'y Dept. of Corrections*, 924 F.3d 1171, 1176 (11th Cir. 2019); *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to the

four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted); *Wreal LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations and citation omitted) ("A preliminary injunction is an extraordinary and drastic remedy, and [Plaintiff] bears the burden of persuasion to clearly establish all four of these prerequisites."); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that the grant of a preliminary injunction "is the exception rather than the rule," and the movant must clearly carry the burden of persuasion on each of the requisite elements). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's ability to establish any of the other requisite elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Wilson has failed to demonstrate a substantial likelihood of success on the merits of his claims for relief. The undersigned further finds Wilson likewise fails to

establish a substantial threat he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. Next, although "[t]he third and fourth factors, harm to the opposing party and the public interest, merge when the [State or any of its actors] is the opposing party[,]" *Nken v. Holder*, 556 U.S. 418, 435 (2009), the undersigned discerns that at this juncture of the proceedings each of these factors weighs in favor of the defendants. In sum, as to these factors, the undersigned finds the public interest and that of the State in managing its prisons and the inmates confined therein is clearly significant. Additionally, with respect to balancing potential harm to the parties, this factor clearly weighs much more heavily in favor of the defendants as issuance of the requested injunction would substantially interfere with the ability of correctional officials to make routine decisions regarding the manner in which to most effectively control inmates within their custody. Thus, under the circumstances of this case, the undersigned finds that Wilson has failed to meet his burden of demonstrating the existence of each prerequisite element necessary to warrant issuance of the requested preliminary injunction.

## IV. CONCLUSION

While the court understands the concerns expressed by Wilson, he has not shown the injunctive relief he seeks is appropriate. An injunction is "not to be granted unless the movant clearly establish[es] the burden of persuasion as to all four elements." *CBS Broadcasting v. Echostar Communications Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001) (internal quotations omitted). Wilson has failed to carry his burden of persuasion on each requisite element as is required to establish entitlement to preliminary injunctive relief. For

4

the reasons discussed herein, the undersigned concludes that the motion for preliminary injunction filed by Wilson is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff, Doc. 13, be DENIED.

2. This case be referred back to the undersigned Magistrate Judge for further appropriate proceedings.

On or before **February 23, 2021**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal

in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 8th day of February, 2021.

                    /s/ Jerusha T. Adams
                    JERUSHA T. ADAMS
                    UNITED STATES MAGISTRATE JUDGE